## In re TEMPLIN.

Court of Appeals of District of Columbia.

Submitted Nov. 14, 1928.   Decided Dec. 3, 1928.

No. 2083.

Edmund H. Parry, of Washington, D. C., and O. E. Bee, of Akron, Ohio, for applicant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents requiring modification of Claim 15 of appellant's application. The claim reads as follows: "15. In a motor vehicle, a chassis, a truck element comprising a plurality of relatively laterally movable axle housings provided with drive shafts, and means for neutralizing the torsional forces in said housings."

The motor vehicle to which this claim relates is of the six-wheel type, and is constructed with a rear truck element having four wheels and two driving axles, as distinguished from the conventional type utilizing a single driving axle. It is contended that this construction marks a distinct improvement over the prior art, in that a vehicle so equipped is less destructive to highways and that a better tractive effort is secured through the employment of the two driving axles and four drive wheels. It is further contended that, in order to secure the advantage of a distributed load and an increased tractive effort, the driving units should be flexible; and that, if some latitude is permitted in the relation of the driving axles to each other, they will function to better advantage.

The Primary Examiner rejected seven claims of the application. On appeal, the Examiners in Chief reversed the Primary Examiner with respect to one of the seven claims. On appeal to the Commissioner, the Board was reversed as to four of the six appealed claims. The Commissioner found that "none of the references shows two driving axles movable laterally relative to each other." He further ruled that if the claim here involved should be modified "so as to specify clearly, as done in the other claims appealed, that the connection between the housings is such that the torque in one housing is opposed to that in the other and therefore neutralizes it," the claim would be allowed.

It is apparent from the Commissioner's holding that this combination claim embodies a novel element, and we think it equally apparent that a new and useful result is achieved. In our view, it necessarily follows that the claim as drawn is not anticipated and that it is allowable. To modify it as required by the Commissioner would unduly restrict the scope of the invention, and thus invite infringement.

Reversed.